UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN G. HAGOOD,

      Plaintiff,

v.                                        Case No: 8:14-cv-03138-MSS-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Consent Petition for Attorney Fees ("Petition"). (Dkt. 21.) Plaintiff moves the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below, the Court recommends that Plaintiff's Petition be granted.

## BACKGROUND

On December 17, 2014, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) The Court entered a Report and Recommendation on Plaintiff's Complaint finding that the Appeals Council erroneously denied review after Plaintiff submitted new evidence and recommending that the case be remanded under sentence four of 42 U.S.C. § 405(g). (Dkt. 18.) The Court adopted and confirmed the Report and Recommendation and entered an Order remanding this case to the Commissioner for rehearing. (Dkt. 19.) Judgment was entered on December 3, 2015. (Dkt. 23.) Subsequently, on January 14, 2016, Plaintiff filed his Petition, as the prevailing party in this action. In his Petition, Plaintiff seeks attorneys' fees for a total of 27.4 hours of work in 2014, 2015, and

2016 at an hourly rate of $189.78 for attorneys David S. Simon and Chantal Harrington. The fees

total $5,199.97. The Commissioner does not oppose the relief requested. (Dkt. 21.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, a prevailing party may

obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc.*

*Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award

attorney's fees to a party who prevails against the United States in litigation unless the court finds

that the government's position in the litigation was "substantially justified" or that special

circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*,

601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following

prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application

for such fees, including an itemized justification for the amount sought, is filed within thirty days

of final judgment in the action; (3) the claimant had a net worth of less than $2 million at the time

the complaint was filed; (4) the position of the government was not substantially justified; and (5)

no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party

who obtains a fourth sentence remand in a Social Security case is considered a prevailing party

under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified"

under the EAJA, the government's position must be "justified to a degree that could satisfy a

reasonable person," which requires that the government's position have a reasonable basis in both

law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

**ANALYSIS**

Upon consideration of Plaintiff's Petition and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case.  First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand.  *See Schaefer*, 509 U.S. at 302.  Second, Plaintiff's Petition was timely filed within thirty days of the final judgment in this action.  This case was remanded with judgment entered on December 3, 2015.  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party has sixty days to file an appeal.  Therefore, the judgment becomes final on February 1, 2016, and the Petition was filed prior to the expiration of the thirty-day deadline of March 2, 2016.  *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334, at *1 (M.D. Fla. Nov. 30, 2015).  Additionally, the Commissioner does not dispute the timeliness of the Petition.  Third, the Petition asserts that Plaintiff's net worth at the time this proceeding was filed was less than two million dollars.  Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue.  Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In his Petition, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living.  Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff proposes an hourly rate of $189.78 for attorneys David S. Simon and Chantal Harrington.  The Court finds that Plaintiff is entitled to an increase in the fees awarded, and the Commissioner does not oppose Plaintiff's request.

In total, Plaintiff seeks $5,199.97 in attorney's fees for 27.4 hours of attorney time expended in litigating this case, which is represented in Plaintiff's itemization of the hours expended and the activities performed. (Dkt. 21.) The Commissioner does not oppose the fees requested. As such, the Court finds that 27.4 hours is reasonable and that $5,199.97 is a reasonable fee in this case.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to his attorney. (Dkt. 21-3.) Plaintiff indicates that the Commissioner does not oppose the payment of fees directly to Plaintiff's attorney, provided that Plaintiff does not owe a debt to the federal government. Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff. Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Consent Petition for Attorney Fees (Dkt. 21) be **GRANTED**.

2. Plaintiff be awarded $5,199.97 in attorney's fees, payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**IT IS SO REPORTED** in Tampa, Florida on January 26, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record